**Dismissed in Part, Denied in Part, and Opinion Filed October 9, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-24-00892-CV**

**IN RE GABRIEL NJUALEM, Relator**

**Original Proceeding from the 101st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-23-02967**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Nowell, and Miskel
Opinion by Justice Partida-Kipness

Before the Court is relator's August 5, 2024 amended petition for writ of mandamus. In his amended petition, relator asks this Court to compel the trial court to (1) vacate the trial court's July 29, 2024 order denying the parties' Joint Motion for Continuance and Entry of Agreed Scheduling order, (2) grant the parties' Joint Motion for Continuance and enter their proposed Agreed Scheduling Order, and (3) continue an August 19, 2024 trial setting until February 10, 2025, or the earliest available date thereafter.

On August 14, 2024, we stayed the August 19, 2024 trial setting and requested a response to the amended petition. After the trial setting passed, we questioned

whether this original proceeding had been rendered moot and requested either a motion to dismiss or a letter brief explaining why and the extent to which this original proceeding is not moot. Relator filed a letter brief contending that this proceeding is not moot, at least to the extent that mandamus relief is still warranted to compel the trial court to enter the parties' agreed scheduling order.

Entitlement to mandamus relief requires a relator to show that the trial court clearly abused its discretion and that the relator lacks an adequate appellate remedy. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). We lack jurisdiction, however, over any request for relief that is moot. *See Elec. Reliability Council of Tex., Inc. v. Panda Power Generation Infrastructure Fund, LLC*, 619 S.W.3d 628, 634–35 (Tex. 2021) (orig. proceeding) (discussing mootness doctrine).

As to relator's request to continue the August 19, 2024 trial setting, we conclude the issue is moot. Therefore, we dismiss as moot the amended petition for writ of mandamus as to this issue.

Further, after reviewing relator's amended petition and the record before us, we find the trial court did not abuse its discretion by denying the request for entry of an amended scheduling order under rules 247 and 251 of the Texas Rules of Civil Procedure. *Compare* TEX. R. CIV. P. 247, 251, *with* TEX. R. CIV. P. 190.5. We, therefore, conclude relator has failed to demonstrate entitlement to mandamus relief as to that ruling. Accordingly, we deny the remaining issues in the amended petition

for writ of mandamus. *See* TEX. R. APP. P. 52.8(a). This opinion is issued without prejudice to the parties filing a new motion in the trial court requesting entry of an amended scheduling order.

We also lift the stay issued by this Court's August 14, 2024 Order.


/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

240892F.P05